UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARGARET M. GOOD, LIQUIDATION AGENT OF THE LIQUIDATION TRUST OF HEARTLAND STEEL, INC., | ) ) ) ) | |
| Appellant, | ) ) | |
| vs. | ) ) | 1:04-cv-1318-LJM-WTL |
| PSI ENERGY d/b/a CINERGY, | ) | |
| Appellee. | ) ) | |
| IN RE: HEARTLAND STEEL, INC., | ) | Bankruptcy Cause No. |
| Debtor, | ) ) | 01-80081-FJO-11 |
| MARGARET M. GOOD, LIQUIDATION AGENT OF THE LIQUIDATION TRUST OF HEARTLAND STEEL, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Adversary No. 02-8041 |
| PSI ENERGY d/b/a CINERGY, | ) | |
| Defendant. | ) | |

## **ORDER**

This cause is before the Court on appeal from a ruling in the Bankruptcy Court on an avoidance and recovery action brought by appellant, Margaret M. Good, Liquidation Agent of the Liquidation Trust of Heartland Steel, Inc. ("Liquidation Agent"), against appellee, PSI Energy, doing business as Cinergy ("Cinergy"), pursuant to 11 U.S.C. §§ 547 and 550.

For the reasons discussed herein, the ruling in the Bankruptcy Court is **AFFIRMED**.

## I. BACKGROUND

On November 14, 2002, Liquidation Agent filed this adversary proceeding against Cinergy seeking $571,837.23 in avoidable payments made by debtor, Heartland Steel, Inc. ("Heartland"), to Cinergy. An amended complaint was filed December 2, 2002. Bankr. Docket No. 1 ("Complaint Filed").

On January 29, 2003, Cinergy filed an Answer to Liquidation Agent's complaint. The Answer contained several affirmative defenses, however, it did not assert that Heartland had assumed and assigned the contract it had with Cinergy during the proceedings in the Bankruptcy Court.

Liquidation Agent attempted to confer with Cinergy's counsel about a variety of pretrial matters prior to trial with little success, including discovery matters related to Cinergy's affirmative and other defenses. Bankr. Docket No. 14. On April 23, 2003, Liquidation Agent propounded interrogatories upon Cinergy. Cinergy responded in two parts, directing Liquidation Agent to certain materials attached to its original response, then several days later, supplementing that response. All of Cinergy's responses addressed Cinergy's new value and ordinary course defenses.

The Bankruptcy Court set trial for November 5, 2003, and ordered the parties to close discovery and to exchange witness and exhibit lists on or before October 23, 2003. Bankr. Docket No. 20. On October 22, 2003, Cinergy filed its witness and exhibit lists, however, it mentioned it might supplement its lists if further information became known prior to trial. Bankr. Docket No. 21.

The trial was reset following an agreed motion to move the trial date. Bankr. Docket No. 22. However, the day before the reset trial, Cinergy's counsel requested a continuance because of his unavailability. Bankr. Docket No. 23. The Bankruptcy Court granted Cinergy's motion to continue

and reset the trial for January 8, 2004. Bankr. Docket No. 24.

On the day of trial, Cinergy informed Liquidation Agent and the Court that a contract executed between Heartland and Cinergy assigned the pre-petition Electric Supply Contract ("Supply Contract") to a third-party purchaser, Companhia Siderurgica Nacional ("CSN"). N.T., Jan. 8, 2004, at 3. Cinergy asserted that the Bankruptcy Court had approved Heartland's assumption and assignment of the Supply Contract by order dated July 16, 2001. *Id.* at 93. Cinergy contended that because Heartland had assumed and assigned its contract with Cinergy, Liquidation Agent was precluded from recovering the otherwise avoidable transfers under section 547 of the Bankruptcy Code. *Id.* at 3. For these reasons, Cinergy concluded, Liquidation Agent could not recover on the preference claim. *Id.* at 94.

Liquidation Agent promptly objected to the inclusion of such evidence on the grounds that the evidence that the Supply Contract had been assumed and assigned had never been disclosed to her prior to trial. *Id.* at 62-65. Moreover, Liquidation Agent argued that she was prejudiced by the timing of Cinergy's disclosure because she had no opportunity to respond. *Id.* at 63. The Bankruptcy Court took Liquidation Agent's objection under advisement and allowed Cinergy to present its evidence that the Supply Contract had been assumed and assigned. Bankr. Docket No. 25.

The Bankruptcy Court also heard evidence on Liquidation Agent's preference claim. Even assuming Cinergy would prevail on its other affirmative defenses, Liquidation Agent's evidence showed she would be entitled to recover $283,110.46 of her $571,837.23 claim. N.T. Jan. 8, 2004, at 8-88.

The Bankruptcy Court ordered the parties to provide additional information regarding

3

Heartland's assumption and assignment of the Supply Contract. Bankr. Docket No. 25. Liquidation Agent found the items and presented them to the Court along with a renewed objection to Cinergy's raising of the affirmative defense at trial because Liquidation Agent had been deprived of the opportunity to respond to the defense prior to trial. Bankr. Docket No. 28. Cinergy filed the supplemental evidence along with a brief, but did not respond to Liquidation Agent's objections. Bankr. Docket No. 26. However, Liquidation Agent filed a response to Cinergy's supplemental evidence and brief. Bankr. Docket No. 29.

On July 26, 2004, the Bankruptcy Court issued its judgment order. The Bankruptcy Court found that the Supply Contract between Heartland and Cinergy had been assumed and assigned to CSN, that the order approving the assumption was a matter of record, and on its face precluded Liquidation Agent's preference claim. Bankr. Docket No. 30. The Bankruptcy Court overruled Liquidation Agent's objections to Cinergy's evidence of the assumption and assignment and entered judgment in favor of Cinergy. *Id.* However, the Bankruptcy Court found that Cinergy's failure to raise assumption/assignment as an affirmative defense during discovery or prior to trial "significantly and unduly prejudice[d]" Liquidation Agent. *Id.* As a sanction, the Bankruptcy Court awarded Liquidation Agent her attorneys' fees and costs for pursuing the litigation. *Id.*

On August 2, 2004, Liquidation Agent timely filed her Notice of Appeal. Bankr. Docket No. 31. Cinergy filed no cross appeal.

## II. STANDARD

When it reviews a decision of the Bankruptcy Court, the District Court acts as an appellate tribunal. Therefore, its review is governed by traditional standards of appellate review. Specifically,

the Court "is constrained to accept the bankruptcy court's findings of facts unless they are clearly erroneous." *In re Excalibur Auto Corp.*, 859 F.2d 454, 457 n.3 (7th Cir. 1988). *See also In re Fedpak Sys., Inc.*, 80 F.3d 207, 211 (7th Cir. 1996); *In re Longardner & Assocs., Inc.*, 855 F.2d 455, 459 (7th Cir. 1988). However, the Bankruptcy Court's conclusions of law must be reviewed *de novo*. *See Excalibur Auto Corp.*, 859 F.2d at 457 n.3; *Longardner & Assocs., Inc.*, 855 F.2d at 459. Decisions as to whether to grant extensions of time pursuant to Bankruptcy Rule 9006(b) should be reviewed for an abuse of discretion. Fed. R. Bankr. P. 9006(b); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 398 (1993). With these general standards in mind, the Court will address the issues raised in the instant appeal.

### III. **DISCUSSION**

Liquidation Agent contends that the Bankruptcy Court erred when it allowed Cinergy to proffer its affirmative defense of assumption/assignment at a trial on the merits, particularly in light of the Bankruptcy Court's finding that Liquidation Agent was significantly and unduly prejudiced by the failure to raise the defense earlier. Liquidation Agent argues that Cinergy waived the defense by not raising it and that such waiver should not be excused because the Bankruptcy Court found Liquidation Agent was prejudiced by not having notice or an opportunity to be heard. Cinergy avers that Liquidation Agent had the evidence for the defense in the record of the bankruptcy proceedings underlying her claim and that it raised the defense as soon as practicable. Moreover, Cinergy appears to argue that Liquidation Agent was not deprived of the opportunity to respond because the Bankruptcy Court gave her the opportunity to object to the evidence and to argue to the Bankruptcy Court that Cinergy had waived the defense.

The Court finds that the Bankruptcy Court did not err when it ruled that Cinergy should be permitted to raise the defense, but as a sanction for causing prejudice to Liquidation Agent, that Cinergy should pay Liquidation Agent's attorneys' fees and costs for bringing the preference claim. The Court recognizes that courts generally disfavor allowing an eleventh-hour change in the pleadings because of surprise or inadequate notice, *see Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir. 1997), under the circumstances in this cause where the statutory right of Liquidation Agent to recover is precluded by late-discovered evidence, the Court sees no reason to find that Cinergy waived the defense. Although Liquidation Agent argues that Cinergy must have known earlier in the litigation about the defense, there is no evidence that the information was discovered for purposes of the instant action until just prior to the trial on the merits. Moreover, the Bankruptcy Court gave Liquidation Agent an opportunity to respond to Cinergy's proffered evidence after the trial, which mitigates the damage done because of surprise or inadequate notice. Finally, the Bankruptcy Court remedied the real harm caused to Liquidation Agent by Cinergy's delay when it required Cinergy to pay Liquidation Agents' attorneys' fees and costs.

The Court finds no error of fact or law in the Bankruptcy Courts judgment in this cause.

## IV. **CONCLUSION**

For the reasons set forth herein, the Court **AFFIRMS** the judgment of the Bankruptcy Court.

Each party shall bear its own costs for the appeal.

IT IS SO ORDERED this 20th day of July, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana


Electronically distributed to:

Steven J. Moss
CINERGY SERVICES INC.
steve.moss@cinergy.com

Peter N. Pross
ECKERT SEAMANS CHERIN & MELLOTT LLC
ppross@eckertseamans.com

Distributed via U.S. Postal Service to:

Eric S. French
139 East Fourth Street
Rm. 25 at II
P.O. Box 960
Cincinnati, OH 45201-0960